UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

RAFAEL DEJESUS,

            Petitioner,            Case No. 1:14-cv-335

v.                                       Honorable Janet T. Neff

DEWAYNE BURTON,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Rafael DeJesus presently is incarcerated at the Richard A. Handlon Correctional Facility. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of one count of possession with intent to deliver 225-649 grams of cocaine and one count of conspiracy to possess with intent to deliver 225-649 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(ii). He also was convicted of one count of possession with intent to deliver 50-224 grams of cocaine and one count of conspiracy to possess with intent to deliver 50-224 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii). In addition, he was convicted of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On February 28, 1994, Petitioner was sentenced to consecutive prison terms of 20 to 40 years for the greater possession and conspiracy convictions, 10 to 20 years for the lesser possession and conspiracy convictions, and 2 years for the felony-firearm conviction.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, raising nine grounds for relief: (1) improper joinder; (2) false testimony about the existence of a plea deal with witnesses; (3) insufficiency of the evidence; (4) improper exclusion of defense evidence and interference with cross-examination; (5) prosecutorial misconduct; (6) denial of a fair cross-section in the jury venire; (7) sentencing error; (8) improper admission of evidence of other bad acts; and (9) ineffective assistance of counsel in failing to object to the jury array, failing to move to suppress evidence, and failing to object to prosecutorial misconduct. In an unpublished opinion issued January 21, 1997, the court of appeals affirmed the convictions and sentences on the possession and conspiracy to possess cocaine offenses, but reversed the felony-firearm conviction.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same grounds presented to the court of appeals. The supreme court denied leave to appeal on December 30, 1997.

On November 25, 2002, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising five additional grounds: (1) the sentence conflicts with a retroactive change in the drug laws and violates the Equal Protection Clause and the Eighth Amendment; (2) denial of due process through the issuance of a warrant based on false statements, lack of probable cause for the warrant, and ineffective assistance of counsel in failing to object to the warrant; (3) prosecutorial misconduct and ineffective assistance of counsel in failing to object; (4) ineffective assistance of counsel in failing to investigate witness plea deals, failing to move to suppress and to seek an evidentiary hearing, failing to object to the venire, failing to object to prosecutorial misconduct, failing to object to jury instructions, and failing to object to drug profile evidence; and (5) ineffective assistance of appellate counsel. The trial court denied the motion on July 18, 2003. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on March 11, 2004 and October 26, 2004, respectively.

Petitioner filed a successive motion for relief from judgment on September 11, 2012, alleging that his sentence amounted to cruel and unusual punishment. On October 24, 2012, the trial court denied the motion as an improper second or successive motion under MICH. CT. R. 6.502(G). Petitioner did not appeal the denial, because an appeal is not permitted from a denial of a successive motion under MICH. CT. R. 6.502(G).

Petitioner filed a third motion for relief from judgment on April 14, 2013, claiming that the evidence was insufficient to prove conspiracy and that he was actually innocent of the

conspiracy charges. The trial court denied the motion on April 23, 2013. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on November 15, 2013 and April 28, 2014, respectively.

Petitioner filed the instant habeas petition on or about April 24, 2014,[1] shortly before the Michigan Supreme Court denied leave to appeal his third motion for relief from judgment. Petitioner raises a single ground for habeas relief:

> I.  PETITIONER IS ACTUALLY INNOCENT OF THE CRIME OF CONSPIRACY TO POSSESS WITH INTENT TO DELIVER 225-649 GRAMS OF COCAINE, AND/OR THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT PROHIBITS A STATE TO CONVICT A PERSON OF A CRIME WITHOUT PROVING ALL THE ELEMENTS OF THAT CRIME BEYOND A REASONABLE DOUBT.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 24, 2014, and it was received by the Court on April 28, 2014. Thus, it must have been handed to prison officials for mailing at some time between April 24 and 28. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on December 30, 1997. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327,

332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, March 30, 1998.

Petitioner had one year from March 30, 1998, or until March 30, 1999, in which to file his habeas application. Petitioner filed on April 24, 2014. Obviously, absent tolling, he filed more than one year after the time for direct review expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 1999, his collateral motions filed in 2002, 2012 and 2013 do not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010);

*Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In his brief, Petitioner argues that he is entitled equitable tolling. He contends that he realized in June 2001 that he could not present his claims in a habeas petition because he had not yet exhausted them. He sought help from a university legal service, which ultimately did not assist him. Through a "jail-house lawyer," Petitioner eventually filed his first motion for relief from judgment soon after Michigan changed its drugs laws. (Br. in Supp. of Pet., docket #2, Page ID#90.) He then spent eight years seeking "legal clues" to gain access to state or federal courts. (*Id.*) In 2012, he hired an attorney, who prepared his second motion for relief from judgment. According to Petitioner, following a review of his transcripts with another prisoner, Petitioner finally "became aware of the factual predicate presently before the court" on April 4, 2013. (*Id.*, Page ID#91.)

Petitioner's allegations fall far short of demonstrating the requirements of equitable tolling. Even assuming that Petitioner was diligent in his efforts to find legal error, no extraordinary circumstance stood in the way of his filing the petition. *Holland,* 560 U.S. at 649. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro*

*se* petitioner, generally does not excuse [late] filing."). Similarly, inadequate prison legal resources, without more, do not constitute extraordinary circumstances warranting equitable tolling. *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). Because he cannot demonstrate the existence of extraordinary circumstances entitling him to equitable tolling, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner next alleges that his petition is not barred because he is actually innocent of the conspiracy convictions. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner claims that he is actually innocent, he proffers no new evidence of his innocence, much less new evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Instead, he discusses the evidence presented at trial, which he believes was not fully conclusive as to his guilt. He argues that even his co-conspirator, Elsa Guzman, who testified against him at trial in accordance with a plea

agreement, strenuously denied the existence of a conspiracy. Because she was an adverse witness testifying against him, Petitioner claims that her denial of the conspiracy is conclusive evidence that no conspiracy existed.

Petitioner's arguments fall far short of meeting the *Schlup* standard for demonstrating actual innocence. *See Schlup*, 513 U.S. at 329. First, the evidence he relies upon is not new; any inconsistency was apparent at the time of trial and direct review of the convictions. Second, even if the evidence were new, it does not demonstrate that no reasonable jury could have convicted Petitioner; it merely provides an argument about why the jury should have believed that no conspiracy existed. Because Petitioner has failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: May 14, 2014  /s/ Ellen S. Carmody
　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).