UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL DEJESUS,

      Petitioner,                                 Case No. 1:14-cv-335

v.                                           HON. JANET T. NEFF

DEWAYNE BURTON,

      Respondent.

_____/

**OPINION AND ORDER**

       This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time-barred.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

       Petitioner contends that the Magistrate Judge erred in analyzing Petitioner's actual innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995), because the Magistrate Judge considered only whether Petitioner had presented new evidence rather than Petitioner's argument that he is actually innocent due to an intervening change in the law.  Specifically, Petitioner asserts that the Michigan

supreme court "redefined what constitutes conspiracy with respect to controlled substance offenses" in *People v. Justice*, 562 N.W.2d 652 (Mich. 1997), and *People v. Mass*, 628 N.W.2d 540 (Mich. 2001) (Pet'r Obj., Dkt 7 at 1). Petitioner states that consequently, "he could rely on the trial court record and intervening change in the law and assert that his conduct with respect to the conspiracy did not amount to a violation under the subsequent reinterpretation of the conspiracy statute as it relates to controlled substance offenses" (*id.* at 2-3). Petitioner's argument is without merit and the Court denies Petitioner's objection.

At the outset, it is not settled whether Petitioner asserts a valid theory for demonstrating actual innocence. Petitioner argues that *Bousley v. United States* stands for the proposition that "an intervening change in the law can constitute factual innocence" (Pet'r Obj., Dkt 7 at 2, citing *Bousley*, 523 U.S. 614, 622 (1998)). But Petitioner's reading of *Bousley* might be too broad. *Bousley* and the other similar cases cited by Petitioner involved changes in federal law within the context of habeas proceedings under § 2255. *See, e.g.*, *Bousley*, 523 U.S. 614 (petition under § 2255 where the meaning of the "use" prong in 18 U.S.C. § 924(c) was defined by a Supreme Court holding); *United States v. Garth*, 188 F.3d 99 (3d Cir. 1999) (involving same federal statute as *Bousley*); *United States v. Tyler*, 523 F.3d 241 (3d Cir. 2013) (petition under § 2255 involving federal witness tampering statute limited by Supreme Court holdings); *Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012) (petition under § 2255 where a Supreme Court holding defining "proceeds" under 18 U.S.C. § 1956 required the Sixth Circuit to change its definition of the term).

Unlike the petitioner's argument in *Bousley*, Petitioner's argument here is that a change in *state* law entitles him to overcome the statute of limitations and proceed in habeas proceedings under § 2254. Courts have disagreed over how *Bousley* applies in the § 2254 context. *Compare, e.g.*,

*Towler v. Manis*, No. 7:13-CV-00458, 2014 WL 4385792, at *6 (W.D. Va. Sept. 3, 2014) (concluding that an actual-innocence claim could be predicated on a Supreme Court of Virginia decision issued while the petitioner's direct appeal was pending, that redefined an element of the crime of conviction), *with Sanchez v. Lee*, No. 10 Civ. 7719, 2011 WL 3477314, at *3 (S.D. N.Y. Aug. 8, 2011) (deciding that *Bousley* should not be extended to § 2254 petitions because the § 2254 context involves "principles of comity and federalism" that are not part of the § 2255 context), *aff'd*, 508 F. App'x 46 (2d Cir. 2013) (assuming without deciding that the procedural default could be excused, and instead affirming the district court under a sufficiency-of-the-evidence standard).

For purposes of this Opinion and Order, the Court assumes without deciding that Petitioner may assert actual innocence based on an intervening change in state law to overcome the statute of limitations in a habeas petition under § 2254.  Nonetheless, and even if Petitioner's interpretation and application of Michigan law is correct,[1] Petitioner has still failed to show actual innocence because he has not satisfied the *Schlup* standard.

A petitioner must meet the requirements of *Schlup v. Delo* to make a "convincing actual-innocence claim" that allows a petitioner to overcome AEDPA's statute of limitations.  *McQuiggin v. Perkins*, ___ U.S. ___; 133 S. Ct. 1924, 1928 (2013).  Under this standard, the "petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"  *Bousley*, 523 U.S. at 623 (quoting *Schlup*, 513 U.S. at 327-28).  In *Schlup*, the Supreme Court explained this standard in the following manner:

---

[1]The Court expresses no opinion on whether Petitioner's interpretation and application of Michigan law is actually correct.  The Court assumes Petitioner is correct for purposes of this Opinion and Order because the Court does not need to reach these issues of Michigan law.

It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Schlup*, 513 U.S. at 329.

"One way to establish factual innocence is to show an 'intervening change in the law that establishes the petitioner's actual innocence.'" *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (quoting *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)). The Sixth Circuit's four-part test for determining whether a petitioner has demonstrated factual innocence via an intervening change in the law incorporates the *Schlup* standard:

(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) *applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him*.

*Wooten*, 677 F.3d at 307-08 (emphasis added).

Here, Petitioner has failed to satisfy the *Schlup* standard. Petitioner's argument rests on his assertion that his co-conspirator did not have the required specific intent to participate in the conspiracy because she allegedly did not know the amount of the drugs to be delivered. The Michigan supreme court has delineated the elements of conspiracy to possess with intent to deliver as follows:

[T]o be convicted of conspiracy to possess with intent to deliver a controlled substance, the prosecution [must] prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and (3) the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person.

4

*Mass*, 628 N.W.2d at 549 (citing *Justice*, 562 N.W.2d at 659).  The Michigan supreme court clarified the specific intent required by stating that the prosecution must prove "not just that the defendant had conspired to possess with an intent to deliver some amount of cocaine, but rather, had conspired to possess with an intent to deliver the *statutory minimum* [as charged]."  *Id.*  Petitioner asserts that, under *Mass*, he is actually innocent of conspiracy because he and coconspirator Guzman never agreed to deliver the cocaine to anyone and because Guzman did not know the quantity of cocaine involved.

Petitioner's argument fails.  Michigan law does not require direct proof of the conspiracy's objectives or the intentions of the coconspirators, but recognizes that "proof may be derived from the circumstances, acts, and conduct of the parties."  *Justice*, 562 N.W.2d at 659 (citing *People v. Brynski*, 81 N.W.2d 374 (Mich. 1957)).  "Inferences may be made because such evidence sheds light on the coconspirators' intentions."  *Id.*

Here, as recounted by the Michigan court of appeals and as indicated by Petitioner in his Petition, the trial record in this case reflects that Petitioner "was staying with his friend Elsa Guzman," left from Guzman's residence to complete a drug transaction, and was accompanied by Carlos Santana who had also been visiting Guzman (Pet., Dkt 1 at 7; *People v. Dejesus*, No. 175370, at 1-2 (Mich. Ct. App. Jan. 21, 1997)).  Before leaving Guzman's residence, Petitioner "asked Guzman to hold for him $2,100.00 dollars, a hand gun, [and] a bag containing approximately 258 grams of cocaine" (Pet., Dkt 1 at 7).  At trial, Guzman testified that when Petitioner did not return from the drug transaction, "she got afraid and hid the drugs" (*id.* at 8).  Based on these facts, a reasonable juror could infer that Guzman had agreed to combine with Petitioner to deliver drugs and that Guzman knew the amount of drugs exceeded 250 grams, the statutory minimum as charged in

5

this instance, and Petitioner has not met his burden under *Schlup*.  In sum, Petitioner has failed to demonstrate actual innocence because he has not satisfied the *Schlup* standard.  Therefore, as explained in the Report and Recommendation, Petitioner's petition is barred by the one-year statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised.  See RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  Slack v. McDaniel, 529 U.S. 473 (2000); Murphy v. Ohio, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted.  A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 7) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: December  10 , 2014                          /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge

7